IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 12-1726-LPS |
| : | |
| WATSON LABORATORIES, INC., : | |
| : | |
| Defendant. : | |

## MEMORANDUM ORDER

At Wilmington this 10th day of November, 2014, having reviewed the parties' proposed pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 108 Exs. 8, 9, 10),

**IT IS HEREBY ORDERED** that:

1. Defendant Watson's MIL 1 is **DENIED**. Plaintiffs (collectively hereinafter "Bayer") do not intend to elicit from their expert, Dr. Vellturo, the opinions Watson seeks to strike, i.e., "speculation about what *would have* happened or *might happen in the future*" relating to commercial success. (D.I. 108 Ex. 8 at 2; *see also id.* Ex. 9 at 1) Instead, Dr. Vellturo intends to testify, appropriately, to his opinion that Plaintiffs' product (Natazia®) has been commercially successful to date and may achieve even greater success with ordinary levels of promotional support. (D.I. 108 Ex. 9 at 1) Watson, of course, is free to challenge these opinions through cross-examination and the presentation of competing evidence. In other words, the Court has not made a finding to accept what Watson describes as Dr. Vellturo's "excuses for why its [Natazia®'s] sales were not higher and his predictions about its future sales" (*id.* Ex. 10 at 1); instead, the Court has only concluded that Bayer may attempt at trial to make its case as to

1

commercial success.

2. Watson's MIL 2 is **DENIED**. The Court is not persuaded that the fact that Plaintiffs have received a patent other than the patent-in-suit expressly covering one FDA-approved indication for the drug product at issue – Natazia®, which Plaintiffs contend is an embodiment of the patent-in-suit – leads *per se* to the conclusion that Plaintiffs cannot also make out a *prima facie* case of commercial success in relation to the patent-in-suit. Watson's contentions appear to go to the weight to be accorded to Bayer's evidence of commercial success, not its admissibility.

3. Watson's MIL 3 is **DENIED**. The Court is not persuaded that Bayer is impermissibly attempting to use Dr. Vellturo as a mere "conduit" to transmit the hearsay "testimony" of Mr. DiMichele. To the contrary, it appears that Dr. Vellturo formed his own opinions in this case and intends to testify as to them.

4. Because this Order is filed under seal, the parties shall submit a proposed redacted version no later than **November 13, 2014**, and thereafter the Court will issue a public version of this Order.

                                          _____
                                          UNITED STATES DISTRICT JUDGE