# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**DEREK J. FAHNESTOCK**
(302) 351-9347
dfahnestock@mnat.com

July 22, 2016

**BY E-FILING**

The Honorable Leonard P. Stark
U.S. District Court of the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    *Bayer Pharma AG, et al. v. Watson Laboratories, Inc.*
             C.A. No. 12-1726 (LPS)(CJB)

Dear Chief Judge Stark:

    Pursuant to the Court's July 18 Order (D.I. 154), the parties have met and conferred, regarding the terms of a proposed order to enter final judgment. However, the parties have been unable to agree on one provision of the proposed order relating to whether an injunction should issue against Defendant. Accordingly, each party offers below a one paragraph statement relating to its position, and proposed orders setting forth Plaintiffs' and Defendant's proposed language are attached hereto as Exhibits A and B, respectively.

    *Plaintiffs:* The Court should grant an injunction under 271(e)(4)(B) in addition to ordering the FDA to reset the effective date of approval of Watson's ANDA. The injunction is a necessary additional remedy (and not redundant) because otherwise there is no Court Order preventing Watson from infringing the '577 patent before it expires. Bayer would have to undertake additional, duplicative infringement litigation in order to enforce a patent that has already been found valid and infringed by Watson's ANDA product. Moreover, Bayer's request for injunctive relief satisfies the relevant factors from *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). This Court has previously determined in the ANDA context that infringement or potential infringement of a valid patent is irreparable harm for which legal remedies are inadequate, justifying an injunction. *See Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, C.A. No. 09-651-LPS (D. Del. Nov. 5, 2013) (Oral Order at D.I. 242). Plaintiffs' irreparable injury weighs far more heavily in the balance of hardships than a continuation of the status quo for Watson. And the public has an interest in the promotion and protection of Bayer's valid patent rights.

July 22, 2016
Page 2

*Defendant:* Bayer is not entitled to an injunction barring Watson from making, using, selling, or importing its product. Section 271(e)(4)(B) states that "injunctive relief *may* be granted"—not "shall." Thus, courts have held § 271(e)(4)(B) requires a plaintiff to *prove* it is entitled to an injunction under the four-factor test set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In *Alcon, Inc. v. Teva Pharm. USA, Inc.*, this Court denied a request for injunction under § 271(e)(4)(B), holding that the prevailing plaintiff's request was "seriously undermined by its failure to prove that it has suffered irreparable harm," and explaining that the remedy under § 271(e)(4)(A) (barring FDA approval until patent expiration) obviated the need for an injunction. No. CIV. 06-234-SLR, 2010 WL 3081327, at *2-3 (D. Del. Aug. 5, 2010). In *Pfizer Inc. v. Apotex Inc.,* the court also rejected an argument for an "automatic injunction" under § 271(e)(4)(B): "Because Pfizer seeks an injunction, *it must deal with eBay's command that it show irreparable harm.*" 731 F. Supp. 2d 754, 762 (N.D. Ill. 2010) (emphasis added). Here, Bayer did not present a case for irreparable harm—or the inadequacy of a legal remedy, or that public interest would be served by an injunction—and the Court made no such findings. Thus, Bayer is not entitled to a permanent injunction.

Respectfully,

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)

DJF/gm
cc:   Clerk of Court (Hand Delivery)
      All Counsel of Record (Via Electronic Mail)
10254622.2